**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**TIMOTHY J. SULLIVAN**
**CHIEF MAGISTRATE JUDGE**

**6500 Cherrywood Lane**
**Greenbelt, Maryland 20770**
**Telephone: (301) 344-3593**

October 8, 2026

LETTER TO ALL PARTIES:

RE: *Lachelle O., on behalf of L.F., a minor v. Bisignano*
Case No. 1:25-cv-02848-TJS

Dear Parties:

On August 29, 2025, Lachelle O., on behalf of her minor child, L.F. ("Plaintiff"), filed this action seeking review of the Social Security Administration's final decision denying Plaintiff's claim for Social Security benefits. ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 15, 16 & 20), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will construe Plaintiff's submissions collectively as a motion for remand, grant the motion, and remand the case for further proceedings.

An application for Supplemental Security Income ("SSI") was filed on L.F.'s behalf on November 30, 2017. *See* ECF No. 20 at 2. The application was denied at the initial level and on reconsideration. *Id.* On April 23, 2020, an ALJ issued a written determination finding that L.F. was not disabled, and the Appeals Council denied Plaintiff's request for review. *Id.* Plaintiff applied for SSI on L.F.'s behalf again on June 2, 2021. *Id.* This application was denied initially and upon reconsideration. On October 10, 2023, an ALJ determined that L.F. was disabled, but on its own motion the Appeals Council remanded the case for additional proceedings. *Id.* On remand, an ALJ held another hearing on June 27, 2024. *Id.* On February 18, 2025, the ALJ issued a written decision finding that L.F. was not disabled. Tr. 9-15. The Appeals Council denied Plaintiff's request for review. ECF No. 20 at 3. Plaintiff filed this action to obtain review of the ALJ's February 18, 2025 decision finding that L.F. is not disabled.

Under the Social Security Act, an individual under the age of 18 will be considered disabled

> if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be

[1] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

> expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

But if the individual engages in substantial gainful activity, they will not be considered disabled. *Id.* § 1382c(a)(3)(C)(ii).

To evaluate whether a child is disabled, an ALJ must follow a three-step sequential evaluation process. *See* 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful activity. *Id.* § 416.924(b). If the child is engaged in substantial gainful activity, the ALJ will find that they are not disabled. At step two, the ALJ determines whether the child has medically determinable impairments that are severe. *Id.* § 416.924(c). If a child does not have severe medically determinable impairments, the ALJ will find that they are not disabled. At step three, the ALJ determines whether the child's impairments meet, medically equal, or functionally equal a listed impairment. *Id.* § 416.924(d). To meet the requirements of a listing, a child "must have a medically determinable impairment(s) that satisfies all of the criteria of the listing." 20 C.F.R. § 416.925(d). A child's impairments are medically equivalent to a listing if the medical findings regarding the impairments are at least equal in severity and duration to the criteria of any listed impairment. 20 C.F.R. § 416.926(a). For a child's impairments to functionally equal a listing, the child must have severe impairments that result in "marked" limitations in at least two of six identified domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. The six domains are:

> (i) Acquiring and using information;
> (ii) Attending and completing tasks;
> (iii) Interacting and relating with others;
> (iv) Moving about and manipulating objects;
> (v) Caring for yourself; and,
> (vi) Health and physical well-being.

*Id.* § 416.926a(b)(1).

Because L.F. was born in May 2010, the ALJ followed the three-step process for determining whether a child is disabled under the Social Security Act. Tr. 10. At step one, the ALJ determined that L.F. was not engaged in substantial gainful activity. *Id.* At step two, the ALJ found that L.F. has the following severe impairments: explosive anger disorder, bipolar disorder, and Attention Deficit Hyperactivity Disorder (ADHD). *Id.* At step three, the ALJ found that L.F. does not have impairments that meet or medically equal a listed impairment. Tr. 10-11. And the ALJ further determined that L.F. does not have impairments that functionally equal the severity of the listings. In making this determination, the ALJ considered how L.F. functions in the six domains identified in 20 C.F.R. § 416.926a(b)(1).

The ALJ found that L.F. had less than a marked limitation in acquiring and using information; attending and completing tasks; interacting and relating with others; and the ability to care for herself. Tr. 11. And the ALJ found that L.F. had no limitation in moving about and manipulating objects or in health and physical well-being. *Id.*

Plaintiff is self-represented. She filed two briefs, but they are nearly identical. ECF Nos. 15 & 16. Plaintiff's arguments are not presented in a traditional format, but she clearly identifies her primary complaint with the ALJ's decision: the ALJ gave "partial to great persuasive value" to the opinion of Maryann Kristin Price, Ph.D., a consulting medical source who did not examine or treat L.F., but gave only "limited persuasive value" to the opinion of Rachel Murray, CRNP, a medical source who has examined and treated L.F. *See* ECF No. 16 at 4-5, 9; Tr. 14. Relevant here, Dr. Price opined that L.F. had either no limitation or a less-than-marked limitation in each of the six domains. Tr. 987-89. Conversely, Rachel Murray opined that L.F. had extreme limitations in attending and completing tasks; interacting and relating with others; and health and physical well-being. Tr. 750-51.

The ALJ explained her assessment of these medical opinions:

> As for the opinion evidence, the undersigned gives partial to great persuasive value to Dr. Price's medical interrogatory. Dr. Price's findings are generally consistent with the evidence of record and supported by specific references to objective evidence.
>
> The undersigned accords limited persuasive value to the medical source statement by Rachel Murray, CRNP. The opinion finds mostly extreme mental limitations, which is not supported by the evidence of record. By the claimant and her mother's own report, the claimant is able to engage in numerous activities of daily living, perform relatively well in school, and interact with others without significant difficulty. Moreover, the claimant's performance on cognitive testing is not consistent with extreme limitation.

Tr. 14.[2]

Plaintiff's claim for disability was filed after March 27, 2017. For such claims, "an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 416.920c(b)). An ALJ must articulate how they considered the medical opinions and prior administrative medical findings relevant to a plaintiff's claim. 20 C.F.R. § 416.920c(b). In evaluating the opinion of a medical source, an ALJ considers multiple factors, including supportability, consistency, relationship with the claimant, and specialization. *Id.* § 416.920c(c). The most important factors that an ALJ considers are supportability and consistency. *Id.* § 416.920c(b)(2).

When assessing the supportability of a medical opinion, the ALJ considers the substance and relevance of the opinion on its own merits. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical

[2] The ALJ also alluded to "State agency consultants [who] limited the claimant to less than marked or no limitation in every domain," and stated that "this is supported by the evidence of record." Tr. 14.

opinion(s) . . ., the more persuasive the medical opinions . . . will be." *Id.* § 416.920c(c)(1). When considering the consistency of a medical opinion, the ALJ looks beyond the opinion itself and compares it to other evidence. "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 416.920c(c)(2).

In assessing Rachel Murray's medical opinion, the ALJ considered its consistency with other evidence. Tr. 14. And in doing so, she found that the opinion was not consistent with other evidence, including evidence about L.F.'s activities of daily living, her performance in school, her interactions with others, and her performance on cognitive tests. *Id.* The ALJ's analysis was sufficient to address the consistency factor under 20 C.F.R. § 416.920c(c)(2). But the ALJ failed to address the second of the most important factors: supportability. *See id.* § 416.920c(c)(1). The ALJ did not address whether the objective medical evidence and supporting explanations presented by Murray supported her opinion. In failing to do so, the ALJ did not comply with the governing regulations. *See generally Latasha L. o/b/o P.L. v. Kijakazi*, No. BAH-23-673, 2023 WL 6963072, at *5 (D. Md. Oct. 20, 2023) (remanding a disability appeal because the ALJ failed to address whether a medical opinion was consistent with other evidence pursuant to 20 C.F.R. § 416.920c(c)(2)).

The Commissioner argues that substantial evidence supports the ALJ's functional-equivalence determination, including Dr. Price's opinion, the opinions of the state agency psychologists, L.F.'s performance in school, and L.F.'s activities of daily living. *See* ECF No. 20 at 7. The Commissioner also correctly notes that the Court may not reweigh conflicting evidence. *Id.* at 3. These arguments do not resolve the problem created by the ALJ's failure to comply with the regulation requiring her to articulate her consideration of both the supportability and consistency of Murray's opinion.[3]

The ALJ's omission was not harmless. Murray opined that L.F. had marked or extreme limitations in several domains of functioning. Tr. 750-53. Her report identifies the conditions and symptoms that have affected L.F., including ADHD, combined type; bipolar disorder; explosive disorder; difficulty focusing; mood disorder; passive suicidal ideation; isolation; aggression; and mood swings. Tr. 749. And in Murray's assessment of L.F.'s functioning in the six domains, she provides some explanation (albeit minimal) for each of her conclusions. Tr. 750-51. Had the ALJ considered and analyzed the supportability of Murray's opinion, the functional-equivalence determination may have been different. Because the Court cannot supply this analysis in the first instance, this matter must be remanded for further proceedings.

[3] Although the Commissioner argues generally that the ALJ sufficiently explained her findings and that substantial evidence supports the functional-equivalence determination, the Commissioner does not specifically address Murray's opinion or § 416.920c(c)(1)'s supportability requirement in its brief. The Court notes that Plaintiff's arguments on these points were not well presented and that her other arguments were difficult to follow. Still, Plaintiff's objection to the ALJ's differential treatment of the opinions of Dr. Price and Murray is sufficiently discernible for the Court to find that the argument was not waived, as the Commissioner argues. *See* ECF No. 20 at 6 n.3. Plaintiff may wish to consider retaining counsel to represent her and her daughter on remand.

The Court declines to address Plaintiff's alternative arguments for remand.

For the reasons set forth above, Plaintiff's submissions (ECF Nos. 15 & 16) are construed collectively as a motion for remand, and that motion is **GRANTED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision is **REVERSED** due to inadequate analysis. The case is **REMANDED** for further proceedings consistent with this opinion.

The Clerk shall **CLOSE** this case.

Sincerely yours,

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge